# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE GRISSOM,**
        **Petitioner,**

    **v.**                                          **Case No. 07-C-1027**

**WILLIAM SWIGATOWSKI,**
        **Respondent.**

## ORDER

On November 20, 2007, state prisoner Terrance Grissom filed a petition for a writ of habeas corpus under 29 U.S.C. § 2254.[1] Petitioner also filed a request to proceed in forma pauperis, along with an affidavit of indigency indicating that he has no available funds with which to pay the filing fee. As such, I will grant petitioner's request to proceed in forma pauperis.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the petition prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1] Petitioner purported to bring his petition for a writ of habeas corpus under 28 U.S.C. § 2255, but that statute applies only to federal prisoner. Because petitioner is a state prisoner, I treat his petition as one under § 2254.

Petitioner complains that respondent Swigatowksi is an employee at the Green Bay Correctional Institution where petitioner resides. He alleges that respondent violated his Eighth Amendment right to be free of cruel and unusual punishment by restraining him and strip searching him in below-freezing temperatures and requests relief in the form of transfer to another institution. Petitioner's claim is not cognizable in a habeas action. A prisoner challenging the fact of confinement , i.e., seeking release from custody, must raise his challenge in a petition for a writ of habeas corpus. Prieser v. Rodriguez, 411 U.S. 475, 489 (1973). If a state prisoner is not challenging the fact of confinement but rather the conditions under which he is being held, he must raise his challenge in a civil action brought under 42 U.S.C. § 1983. Glaus v. Anderson, 408 F.3d 382, 386-87 (7th Cir. 2005). This is so even where the prisoner seeks transfer to another facility. Id. at 387. Further, in this case, it would not make a difference if petitioner had asked for release from custody, as it is clear that release is not an available remedy for an Eighth Amendment claim such as petitioner's. Id. at 387-88.

Thus, I will dismiss petitioner's case without prejudice. I am not making any decision on the ultimate merit of petitioner's Eighth Amendment claim. He may refile his case immediately under § 1983, subject to the normal rules such as those prohibiting frivolous lawsuits and to the Prisoner Litigation Reform Act of 1996 ("PLRA"). I note that an adverse decision in a new case might count toward the three civil rights claims the PLRA allows him. See 28 U.S.C. § 1915(g); Glaus, 408 F.3d at 389-90.

For the foregoing reasons,

**IT IS ORDERED** that petitioner's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Pursuant to Rule 4 of the Rules Governing § 2254 Cases, a copy of the petition and this order will be mailed to respondent William Swigatowski and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 26 of November, 2007.

/s_____
LYNN ADELMAN
District Judge